**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**GLORIA BOUDREAUX**                                   **CIVIL ACTION**

**VERSUS**                                             **NO. 23-4441**

**NATIONWIDE GENERAL INSURANCE**                       **SECTION: "G"(2)**
**COMPANY**

<u>**ORDER AND REASONS**</u>

    Before the Court is Defendant Nationwide General Insurance Company's ("Nationwide") "Motion to Dismiss Under 12(b)(6) for Failure to State a Claim, or in the Alternative, Motion for Summary Judgment."[1] Nationwide argues that it should be dismissed as a defendant in this case because it did not insure Plaintiff Gloria Boudreaux ("Plaintiff").[2]

    This litigation arises out of property damage caused by Hurricane Ida on August 29, 2021.[3] Plaintiff filed a Complaint in this Court on August 26, 2023, against Defendant Nationwide General Insurance Company to recover damages related to her property at 204 South Myrtle Street, Amite, Louisiana 70422 ("Property").[4] In the Complaint, Plaintiff alleges that as a result of Hurricane Ida, the insured premises sustained damages.[5] Plaintiff further alleges that the Property

---

[1] Rec. Doc. 8.

[2] *Id.* at 1; Rec. Doc. 8-1.

[3] Rec. Doc. 1 at 3.

[4] *Id.* at 2.

[5] *Id.* at 3.

was covered under a policy issued by Nationwide."[6] Plaintiff asserts a breach of contract claim

and claims for violations of Louisiana Revised Statute § 22:1892 and Louisiana Revised Statute §

22:1973 as a result of Nationwide's alleged failure to timely pay insurance proceeds due under

the insurance policy.[7]

On November 21, 2023, Nationwide filed the instant Motion to Dismiss, arguing that since

Plaintiff has not alleged the existence of an insurance policy between Plaintiff and Nationwide,

Plaintiff's claims against Nationwide must be dismissed.[8]

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for

failure to state a claim upon which relief can be granted."[9] A motion to dismiss for failure to state

a claim is "viewed with disfavor and is rarely granted."[10] "To survive a motion to dismiss, a

complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is

plausible on its face."[11] The "[f]actual allegations must be enough to raise a right to relief above

the speculative level."[12] The complaint need not contain detailed factual allegations, but it must

offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause

of action.[13] That is, the complaint must offer more than an "unadorned, the defendant-unlawfully-

---

[6] *Id.* at 2.

[7] *Id.* at 6–7.

[8] Rec. Docs. 8, 8-1.

[9] Fed. R. Civ. P. 12(b)(6).

[10] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[11] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted).

[12] *Twombly*, 550 U.S. at 555. Put another way, a plaintiff must plead facts that allow the court to draw a "reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

[13] *Iqbal*, 556 U.S. at 678.

harmed-me accusation."[14] Although a court must accept all "well-pleaded facts" as true, a court need not accept legal conclusions as true.[15] "[L]egal conclusions can provide the framework of a complaint, [but] they must be supported by factual allegations."[16] Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice.[17] If the factual allegations are insufficient to raise a right to relief above the speculative level, or an "insuperable" bar to relief exists, the claim must be dismissed."[18]

The Court finds that Plaintiff fails to state a claim against Nationwide as the insurance policy Plaintiff holds for her Property does not name Nationwide as an insurer.[19] Rather, the insurance policy only names Scottsdale Insurance Company as an insurer.[20] In addition, Plaintiff did not file a response opposing the instant motion or raise any argument as to why Nationwide should not be dismissed.[21]

Accordingly,

**IT IS HEREBY ORDERED** that Nationwide's Motion to Dismiss Under 12(b)(6) for Failure to State a Claim[22] is **GRANTED**. Plaintiff Gloria Boudreaux's claims against Defendant

---

[14] *Id.*

[15] *Id.* at 677–78.

[16] *Id.* at 679.

[17] *Id.* at 678.

[18] *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007); *Moore v. Metro. Human Serv. Dist.*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

[19] Rec. Doc. 8-3 at 12, 77.

[20] *Id.*

[21] Nationwide filed the motion on November 21, 2023 and it set the motion for submission on December 13, 2023. Pursuant to Local Rule 7.5, any opposition to the motion was due on December 5, 2023.

[22] Rec. Doc. 8.

Nationwide General Insurance Company are **DISMISSED WITH PREJUDICE.**

**NEW ORLEANS, LOUISIANA**, this ___11th___ day of December, 2023.

*Nannette Jolivette Brown*

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**